However, I find the conduct of the city court judge disturbing.
The city court's sentence appears to have been indeterminate because of its attempt to suspend the execution of sentence by retaining jurisdiction over it until after relator's Assumption Parish proceedings had been completed. Under the language of Article 894(A)(1), the city court *1252 did not have the authority to suspend the execution of relator's simple battery sentence without also placing him on probation. Without this grant of probation, the city court sentence likely should have begun to run on the day following its imposition. Therefore, relator appears to have presented a meritorious claim of illegality.
Just as the judge in the 23rd Judicial District cannot tell the city court judge what his sentence is going to be, the city court judge has no authority over the district judge. He cannot "wait and see" in order to modify his sentence if he doesn't like the district court's sentence.
Counsel's objections were well taken. Hopefully this scenario will not come again to the attention of this court.